**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| BEZALEL GROSSBERGER,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>SUPERIOR COURT ESSEX COUNTY, FAST OIL LLC & ROBERT CORMACK,<br><br>　　　　　Defendants. | Civil Action No. 23-3587 (SDW) (JSA)<br><br>**WHEREAS OPINION**<br><br>July 27, 2023 |

**THIS MATTER** having come before this Court upon *pro se* Plaintiff Bezalel Grossberger's ("Plaintiff") Complaint and accompanying application to proceed *in forma pauperis* (D.E. 1), and this Court having *sua sponte* reviewed the Complaint for sufficiency pursuant to 28 U.S.C. § 1915(e)(2)(B) and Fed. R. Civ. P. 8(a); and

**WHEREAS** a district court may allow a plaintiff to commence a civil action without paying the filing fee—that is, *in forma pauperis*—so long as the plaintiff submits an affidavit demonstrating he is "unable to pay such fees," but must dismiss a case that is frivolous, "fails to state a claim upon which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(a)(1), (e)(2)(B); *see Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021); and

**WHEREAS** the legal standard for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B) is the same as that applied under Federal Rule of Civil Procedure 12(b)(6). *See*

1

*Shorter*, 12 F.4th at 371; *Vaughn v. Markey*, 813 F. App'x 832, 833 (3d Cir. 2020). *Pro se* complaints are "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quotation marks omitted); *see also* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice.") However, a *pro se* complaint must still comply with Federal Rule of Civil Procedure 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), that "give[s] the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation marks and alterations omitted); *see Erickson*, 551 U.S. at 93–94; *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013). Factual allegations "must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). The factual allegations in a complaint are generally accepted as true, but legal conclusions are not. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp.*, 550 U.S. at 555. Determining whether the allegations in a complaint state a "plausible" claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679; and

    **WHEREAS** Plaintiff filed the Complaint on July 3, 2023, and it was docketed on July 5. (D.E. 1) On July 7, this Court issued a text order directing Plaintiff to file an amended complaint by no later than July 26. (D.E. 3.) Plaintiff did not do so. As explained in that text order, Plaintiff's Complaint "contains text that exceeds the space allotted in the PDF text boxes, does

not clearly articulate who the defendants are, and does not comply with the directions given in the form complaint, particularly those in the 'Statement of the Claim' section." (*Id*.) With regard to defendants Fast Oil LLC and Robert McCormack, Plaintiff only asserts that they "are defrauding and defaming" him. (D.E. 1 at 4.) With regard to Defendant Superior Court of Essex County, Plaintiff claims that it denied him constitutional rights to seek recourse in the state courts. (*Id*.) Plaintiff also refers to Essex County as a defendant, but does not list the county as a defendant in the appropriate section. (*Id*. at 1–2, 4.); and

**WHEREAS** the facts alleged in Plaintiff's *pro se* Complaint are insufficient to state a claim upon which relief may be granted because they "do not permit [this Court] to infer more than the mere possibility" that Defendants violated his rights. *Ashcroft*, 556 U.S. at 679; *see* Fed. R. Civ. P. 8(a)(2); *see also Bell Atl. Corp.*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level[.]"). Plaintiff's legal conclusions of defamation, fraud, and denial of due process are not accepted as true, and he has not presented facts to support those claims. *See Iqbal*, 556 U.S. at 678. The only factual assertion in the Complaint is that Essex County, which is not named as a defendant, has "adopted a policy to transfer all of Plaintiff's submissions to Ocean County [knowing] that Ocean County routinely rejects/dismisses any and all of Plaintiff's submissions without any form of due process," and that the Appellate Division also rejects and dismisses appeals. (D.E. 1 at 4.) *See Iqbal*, 556 U.S. at 678. Without more, these allegations do not show a denial of due process. Therefore,

Plaintiff's application to proceed *in forma pauperis* is **GRANTED** for present purposes and Plaintiff's Complaint is *sua sponte* **DISMISSED WITHOUT PREJUDICE** for failure to

state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B). An appropriate order follows.

                                                  /s/ Susan D. Wigenton
                                  **SUSAN D. WIGENTON, U.S.D.J.**

Orig: Clerk
cc: Jessica S. Allen, U.S.M.J.
      Parties