**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| BEZALEL GROSSBERGER, | Civil Action No. 23-03587 (SDW) (JSA) |
| Plaintiff, | |
| v. | **WHEREAS OPINION** |
| NJ SUPERIOR COURT OF ESSEX COUNTY, FAST OIL LLC, TEVA ENVIRONMENTAL CONSULTANTS LLC, ROBERT CORMACK, | May 3, 2024 |
| Defendant. | |

**WIGENTON,** District Judge.

**THIS MATTER** having come before this Court upon *pro se* Plaintiff Bezalel Grossberger's ("Plaintiff") Amended Complaint (D.E. 10), and this Court having *sua sponte* reviewed the Amended Complaint for sufficiency pursuant to 28 U.S.C. § 1915(e)(2)(B) and Fed. R. Civ. P. 8(a) and this Court's Whereas Opinion and Order dated July 27, 2023; and

**WHEREAS** the legal standard for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B) is the same as that applied under Federal Rule of Civil Procedure 12(b)(6).  *See Shorter*, 12 F.4th at 371; *Vaughn v. Markey*, 813 F. App'x 832, 833 (3d Cir. 2020).  *Pro se* complaints are "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quotation marks omitted); *see also* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice.")  However, a *pro se* complaint must still comply with Federal Rule of Civil Procedure 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), that

"give[s] the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation marks and alterations omitted); *see Erickson*, 551 U.S. at 93–94; *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013). Factual allegations "must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). The factual allegations in a complaint are generally accepted as true, but legal conclusions are not. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp.*, 550 U.S. at 555. Determining whether the allegations in a complaint state a "plausible" claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679; and

**WHEREAS** this Court in its July 27, 2023 Opinion dismissed the Complaint without prejudice for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B); and

**WHEREAS** on October 31, 2023, Plaintiff filed an amended complaint, (D.E. 7), and a motion to reinstate an amended complaint, (D.E. 8); and

**WHEREAS** in its March 20, 2024 Order, this Court denied the motion to reinstate the amended complaint and dismissed the amended complaint for being both improper and deficient because there were portions that were incomplete and cutoff which prevented this Court from determining what claims were properly before it. (*see* D.E. 9.) Plaintiff was advised that failure to file a complaint that was compliant with the relevant federal and local rules of civil procedure within thirty (30) days would result in the dismissal of this matter with prejudice; and

**WHEREAS** on April 2, 2024, Plaintiff filed a third complaint and once again submitted more than 600 pages none of which provide a "short, plain and simple statement" of the case and "are insufficient to state a claim upon which relief may be granted" because they "do not permit [this Court] to infer more than the mere possibility" that Defendants violated his rights.  *Ashcroft*, 556 U.S. at 679; *see* Fed. R. Civ. P. 8(a)(2); *see also Bell Atl. Corp.*, 550 U.S. at 544 and 555 ("Factual allegations must be enough to raise a right to relief above the speculative level"); Therefore,

Plaintiff's Amended Complaint, (D.E. 10), is **DISMISSED with prejudice** for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and for failure to adhere to the directives of this Court in its two prior orders. (*See* D.E. 6 & D.E. 8.)   An appropriate order follows.

*/s/ Susan D. Wigenton*
            **SUSAN D. WIGENTON, U.S.D.J.**

Orig: Clerk
Cc: Parties
Jessica S. Allen U.S.M.J.